

**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNIMED PHARMACEUTICALS, INC., a Delaware corporation, and LABORATORIES BESINS ISCOVESCO, a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) | NO. 1:03-CV-2501-TWT |
| WATSON PHARMACEUTICALS, INC., a Nevada corporation, | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER TO FIRST AMENDED
## COMPLAINT AND COUNTERCLAIMS

Defendant Watson Pharmaceuticals, Inc. ("Watson") as its Answer to the

First Amended Complaint filed by plaintiffs Unimed Pharmaceuticals, Inc.

("Unimed") and Laboratories Besins Iscovesco ("Besins"), states as follows:

1.

Watson is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 1 and, therefore, denies the

allegations.

2.

Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies the allegations.

3.

Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies the allegations.

4.

Watson admits that it is incorporated in the State of Nevada and that it has a place of business at 311 Bonnie Circle, Corona, California.  Watson admits that, through affiliates, it ships products and employs sales representatives in the Northern District of Georgia and elsewhere.   Watson denies the remaining allegations in paragraph 4.

5.

With respect to paragraph 5, Watson admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States with an amount in controversy exceeding $75,000, but denies that the First Amended Complaint states such a cause of action and denies that

Watson has committed or will commit any acts giving rise to a cause of action under the patent laws of the United States. *Watson is without knowledge or information sufficient to form a belief as to whether the parties are citizens of* different states and, therefore, denies the allegation. In any event, subject matter jurisdiction is a conclusion of law to which no response is required.

6.

With respect to paragraph 6, Watson admits only that it is subject to the personal jurisdiction of this Court. Watson denies the remaining allegations in paragraph 6.

7.

With respect to paragraph 7, *Watson admits only that venue is proper in this jurisdiction.* Watson denies the remaining allegations in paragraph 7.

8.

In response to paragraph 8, Watson reasserts and realleges its responses to paragraphs 1 through 6.

9.

With respect to paragraph 9, Watson admits that what appears to be a true and correct copy of United States Patent No. 6,503,894 (the "'894 patent") is attached to the First Amended Complaint as Exhibit 1 and that Unimed and

#1084888 v1 - Answer to 1st Amd Complaint

Besins are identified as the assignees of the '894 patent. In any event, standing is a conclusion of law to which no response is required.

10.

With respect to paragraph 10, Watson admits that Unimed has been identified by the United States Food and Drug Administration ("FDA") as the holder of New Drug Application ("NDA") No. 021015 for the product AndroGel® (1 percent testosterone gel) and admits that the '894 patent is listed in FDA's Orange Book. Watson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and, therefore, denies the allegations.

11.

With respect to paragraph 11, Watson admits that it submitted an Abbreviated New Drug Application ("ANDA") to FDA for 1 percent (1%) testosterone gel. Watson denies the remaining allegations in paragraph 11.

12.

Watson admits the allegations in paragraph 12.

13.

Watson denies the allegations in paragraph 13.

14.

Watson admits the allegations in paragraph 14.

15.

Watson denies the allegations in paragraph 15.

16.

Watson denies the allegations in paragraph 16.

17.

With respect to paragraph 17, Watson admits that patents are presumed valid under 35 U.S.C. § 282.   Watson denies the remaining allegations in paragraph 17 and specifically denies that the '894 patent is enforceable.

18.

With respect to paragraph 18, Watson admits that Unimed and Besins have not consented to any acts taken by Watson in connection with Watson's ANDA No. 76-737.   Watson denies the remaining allegations in paragraph 18 and specifically denies that it has committed any infringing acts.

19.

With respect to paragraph 19, Watson admits that it sent notice to Unimed and Besins pursuant to 21 U.S.C. §§ 355(j)(2)(B)(i) and (ii) and 21 C.F.R. § 314.52 that Watson had filed ANDA No. 76-737 containing a Paragraph IV certification.

Watson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and, therefore, denies the allegations.

20.

Watson denies the allegations in paragraph 20.

21.

Watson denies the allegations in paragraph 21.

22.

Watson denies the allegations in paragraph 22.

23.

Watson denies the allegations in paragraph 23.

24.

Watson denies the allegations in paragraph 24.

25.

With respect to paragraph 25, Watson admits that Unimed filed this action within 45 days of receipt of Watson's notice of its ANDA filing. Watson is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 25 and, therefore, denies them. In any event, the

remaining allegations in paragraph 25 are conclusions of law and require no response.

## DEFENSES AND COUNTERCLAIMS

### BACKGROUND

26.

In order to engage in commercial manufacture, use or sale of Watson's proposed pharmaceutical product—1 percent (1%) testosterone gel—Watson submitted to FDA ANDA No. 76-737 in May 2003.

27.

Unimed and TAP Pharmaceutical Products, Inc. ("TAP") currently market 1 percent (1%) testosterone gel in the United States under the brand name AndroGel®.

28.

On information and belief, Unimed and TAP have no competitors in the U.S. for the sale of 1 percent (1%) testosterone gel.

29.

The Federal Food, Drug and Cosmetics Act ("FDCA") authorizes a drug company to file an ANDA, which FDA will approve if the company shows that its product has the same active ingredient as and is bioequivalent to a product

#1084888 v1 - Answer to 1st Amd Complaint

that FDA has already approved (a "listed drug"). Typically the ANDA applicant submits data showing that its product is bioequivalent to a product that has been the subject of an approved NDA.

30.

The FDCA requires NDA holders, such as Unimed, to inform FDA of any patents that the NDA holder believes can form the basis of a patent infringement claim regarding the product. FDA then lists those patents in the publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book").

31.

If a drug company seeks approval to market a new product that has the same active ingredient as and is bioequivalent to a listed drug before patents identified in the Orange Book for that listed drug expire, the company may include in its ANDA a certification that its proposed product would not infringe those patents, or that the patents are invalid or unenforceable. If it does so, the ANDA applicant must then send a notice letter to the NDA holder and patent owner that includes a detailed statement of the factual and legal basis of the ANDA applicant's opinion that the patent is invalid, unenforceable, or would not be infringed.

#1084888 v1 - Answer to 1st Amd Complaint

32.

If the patent owner sues the ANDA applicant for infringement within 45 days of receiving the notice letter, on that basis alone the FDA is prohibited by statute from approving the ANDA for 30 months or until there is a court decision holding the patent invalid, unenforceable or not infringed, unless the period is shortened by, *inter alia*, a court order.

33.

On information and belief, the only patent that Unimed has submitted for listing in the Orange Book for 1 percent (1%) testosterone gel is the '894 patent, which is directed to pharmaceutical compositions containing testosterone in gel formulations and methods of using these compositions to treat hypogonadism. The compositions in each of the claims of the '894 patent are required to contain either about 1 percent (1%) sodium hydroxide or no sodium hydroxide.

34.

Watson's ANDA No. 76-737 included a certification that its proposed product would not infringe the '894 patent and that the '894 patent is invalid and unenforceable. Watson sent Unimed and Besins the required notice letter advising them that Watson had submitted an ANDA containing such a certification.

#1084888 v1 - Answer to 1st Amd Complaint

35.

Watson's notice letter confirmed that its proposed product would not infringe the '894 patent and provided a detailed statement of the factual and legal bases why.

36.

Watson's notice letter also explained in detail that the '894 patent is invalid, *inter alia*, pursuant to 35 U.S.C. § 102(b) because the claimed invention was on sale and in public use more than one year before the patent application was filed and pursuant to 35 U.S.C. § 112 for failure to satisfy the written description requirement.

37.

Finally, Watson's notice letter explained in detail that the '894 patent is unenforceable, *inter alia*, due to inequitable conduct or a breach of the duty of candor required by 37 C.F.R. § 1.56 because the patent applicants and assignees knowingly failed to disclose to the Patent Office critical information material to patentability concerning sales and uses of the claimed invention more than one year before the filing of the patent application.

38.

On August 21, 2003 — within 45 days of receiving Watson's notice letter —
Unimed filed the Complaint in this action.  On August 22, 2003, Unimed and
Besins filed the First Amended Complaint in this action.  The First Amended
Complaint alleges that "Watson's proposed generic version of the patented drug
as stated in the ANDA will infringe one or more claims of the '894 Patent" and
that "Watson's proposed generic version of the patented drug as stated in the
ANDA will induce infringement of one or more claims of the '894 Patent."

39.

On information and belief, the only information concerning Watson's
proposed product that Unimed and Besins possessed before filing the First
Amended Complaint was Watson's notice letter, which plainly informed
Unimed and Besins that Watson's proposed product lacks essential elements
necessary to infringe the '894 patent.

40.

Before filing the First Amended Complaint, Unimed and Besins did not
request any sample of Watson's proposed drug product, did not request any
portion of Watson's ANDA 76-737, and did not request any further information
whatsoever from Watson relating to Watson's proposed product.

41.

On information and belief, before filing the First Amended Complaint, Unimed and Besins did not obtain any sample of Watson's proposed drug product and did not obtain any portion of Watson's ANDA 76-737.

42.

On information and belief, before filing the First Amended Complaint, Unimed and Besins did not analyze or test Watson's proposed product.

43.

On information and belief, Unimed and Besins undertook no investigation of the product Watson would market under its ANDA.  Unimed and Besins nonetheless filed the First Amended Complaint alleging patent infringement.

44.

By following the expedient of merely filing this lawsuit—regardless of its lack of merit—Unimed and Besins automatically receive the benefit of the 30-month statutory delay.  This preserves Unimed's and Besins' monopoly by preventing FDA from approving Watson's ANDA until after the 30 months expire, unless the period is shortened by, *inter alia*, a court order.

45.

By engaging Watson in this meritless litigation and by improperly using it to obtain extended market exclusivity from FDA, Unimed and Besins prevent the marketing of a generic version of 1 percent (1%) testosterone gel that would compete against Unimed's and Besins' product and that would be a significant benefit to the public by providing equally effective medication at lower prices.

46.

By engaging Watson in this meritless litigation and by improperly using it to prevent FDA from approving Watson's product, Unimed and Besins damage Watson by preventing Watson from marketing a generic version of 1 percent (1%) testosterone gel that would compete against Unimed's and Besins' product.

47.

By engaging Watson in this meritless litigation and improperly using it to obtain extended market exclusivity from FDA, Unimed and Besins continue their unlawful monopoly over the 1 percent (1%) testosterone gel market.

48.

As detailed in Watson's notice letter to Unimed and Besins, during the prosecution of the '894 patent, Unimed and Besins were aware of critical events material to patentability, including sales and commercial transactions involving

#1084888 v1 - Answer to 1st Amd Complaint

the patented subject matter of the '894 patent that occurred more than one year before the application that resulted in the '894 patent was filed.

49.

A reasonable examiner would have considered these events important in deciding whether to issue the '894 patent.

50.

During prosecution of the '894 patent, the Examiner specifically raised the issue of pre-critical-date sales and public uses of the claimed subject matter, and at one point the Examiner rejected all pending claims of the application under 35 U.S.C. § 102(b) because the claimed subject matter had been in public use and/or on sale in this country more than one year prior to the date of the application.

51.

In response to the inquiries and to overcome the rejection by the Examiner, numerous persons submitted declarations concerning the specific events upon which the Examiner had based his rejection. As detailed in Watson's notice letter to Unimed and Besins, Unimed and Besins did not disclose to the Examiner, however, the existence of or information concerning certain pre-critical-date sales and commercial transactions involving the patented subject matter of the '894 patent.

52.

Unimed and Besins withheld information concerning the pre-critical-date sales and commercial transactions of the patented subject matter with the intent to mislead the U.S. Patent and Trademark Office.

## DEFENSES

### FIRST DEFENSE

### Failure to State a Claim

53.

Each purported claim for relief in the First Amended Complaint is barred for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

### Non-Infringement of United States Patent No. 6,503,894

54.

Watson's proposed 1 percent (1%) testosterone gel that is the subject of Watson's ANDA has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claim of the '894 patent.

#1084888 v1 - Answer to 1st Amd Complaint

THIRD DEFENSE

Invalidity of United States Patent No. 6,503,894

55.

The '894 patent and all the claims thereof are invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

FOURTH DEFENSE

Unenforceability of United States Patent
No. 6,503,894 Due to Inequitable Conduct

56.

The '894 patent and all the claims thereof are unenforceable due to inequitable conduct or a breach of the duty of candor required by 37 C.F.R. § 1.56.

FIFTH DEFENSE

No Bona Fide, Reasonable Belief of Infringement

57.

On information and belief, Unimed and Besins lacked upon filing their First Amended Complaint, and lacks today, a bona fide, reasonable and good faith basis to allege infringement.

58.

On information and belief, Unimed and Besins filed this action without substantial justification for the wrongful and anticompetitive purpose of extending their unlawful monopoly by invoking the 30-month statutory delay which prohibits FDA from approving Watson's ANDA 76-737 for 30 months, unless the period is shortened by, *inter alia*, a court order.

### Sixth Defense

### Unenforceability Due to Patent Misuse

59.

Watson repeats and realleges the allegations of paragraphs 57 and 58.

60.

The '894 patent and all the claims thereof are unenforceable due to patent misuse.

## **COUNTERCLAIMS**

### First Counterclaim

### Declaratory Judgment of Non-Infringement of United States Patent No. 6,503,894

61.

This is a counterclaim for a declaratory judgment of non-infringement of the '894 patent.

- 17 -

62.

Watson repeats and realleges the allegations of paragraphs 1 through 52.

63.

This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  Venue is proper under 28 U.S.C. §§ 1391 and 1400.

64.

On information and belief, Unimed and Besins are the assignees of the '894 patent.

65.

The First Amended Complaint alleges, *inter alia*, that Watson has infringed the '894 patent.  Watson has denied those infringement allegations.

66.

An actual controversy exists between Watson and Unimed and Besins with respect to infringement of the '894 patent.

67.

Watson's proposed 1 percent (1%) testosterone gel that is the subject of Watson's ANDA has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claim of the '894 patent.

#1084888 v1 - Answer to 1st Amd Complaint

SECOND COUNTERCLAIM

Declaratory Judgment of Invalidity and/or Unenforceability
of United States Patent No. 6,503,894

68.

This is a counterclaim for invalidity and/or unenforceability of the '894 patent.

69.

Watson repeats and realleges the allegations in paragraphs 1 through 52.

70.

This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  Venue is proper under 28 U.S.C. §§ 1391 and 1400.

71.

Unimed and Besins maintain, and Watson denies, that the '894 patent is valid and enforceable.

72.

An actual controversy exists between Watson and Unimed and Besins with respect to the validity and enforceability of the '894 patent.

#1084888 v1 - Answer to 1st Amd Complaint

73.

The '894 patent and all the claims thereof are invalid and/or unenforceable under one or more of 35 U.S.C. §§ 102, 103, 112, 282, and/or 37 C.F.R. § 1.56.

## RELIEF REQUESTED

WHEREFORE, Watson respectfully requests that this Court enter judgment in its favor as follows:

(a)     Dismissing Unimed's and Besins' First Amended Complaint with prejudice;

(b)     Declaring that Watson has not infringed, and would not, by marketing its proposed 1 percent (1%) testosterone gel, infringe United States Patent No. 6,503,894;

(c)     Declaring United States Patent No. 6,503,894 invalid;

(d)     Declaring United States Patent No. 6,503,894 unenforceable;

(e)     Shortening the 30-month time period under 21 U.S.C. § 355(j)(5)(B)(iii) to expire immediately;

(f)     Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Watson its attorneys' fees, costs and expenses in this action; and

#1084888 v1 - Answer to 1st Amd Complaint

(g)     Granting such other and further relief as this Court may deem just

and proper.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By:_____

David A. Rabin
Georgia Bar No. 591469

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone: (404) 233-7000
Fax: (404) 365-9532

OF COUNSEL:

Barry S. White, Esq.
Steven M. Amundson, Esq.
Daniel G. Brown, Esq.
John G. Taylor, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800

Attorneys for Defendant

#1084888 v1 - Answer to 1st Amd Complaint

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNIMED PHARMACEUTICALS, INC.,　　)
a Delaware corporation, and　　　　　 )
LABORATORIES BESINS　　　　　　　)
ISCOVESCO, a Delaware corporation,　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　)　　　CIVIL ACTION FILE
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　 )　　　NO. 1:03-CV-2501-TWT
　　　　　　　　　　　　　　　　　　)
WATSON PHARMACEUTICALS, INC.,　　)
a Nevada corporation,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the

within and foregoing "ANSWER TO FIRST AMENDED COMPLAINT AND

COUNTERCLAIMS" upon:

　　　　　　Jerry B. Blackstock, Esq.
　　　　　　Leslie B. Zacks, Esq.
　　　　　　Hunton & Williams, LLP
　　　　　　4100 Bank of America Plaza
　　　　　　600 Peachtree Street, N.E.
　　　　　　Atlanta, Georgia 30308-2216

　　　　　　James R. Ferguson, Esq.
　　　　　　Mayer, Brown, Rowe & Maw LLP
　　　　　　190 South LaSalle Street
　　　　　　Chicago, Illinois 60603

by having copies of same mailed via the U.S. Mail, properly addressed and with

postage prepaid.

This 27th day of October, 2003.

_____

David A. Rabin
Georgia Bar No. 591469

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000