**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNIMED PHARMACEUTICALS, INC.,<br>a Delaware Corporation, and<br>LABORATORIES BESINS<br>ISCOVESCO, a Delaware Corporation | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No.: 1:03-CV-2501 - TWT<br>) |
| WATSON PHARMACEUTICALS, INC.,<br>a Nevada corporation, | )   **JURY TRIAL DEMAND**<br>)<br>) |
| Defendant. | ) |

## ANSWER TO COUNTERCLAIMS

Unimed Pharmaceuticals, Inc. ("Unimed") and Laboratories Besins

Iscovesco ("Besins") (collectively "Plaintiffs") respond to the counterclaims of

Defendant Watson Pharmaceuticals, Inc. ("Watson") as follows:

1-25.   There are no allegations in these paragraphs requiring Plaintiffs'

admission or denial.

### BACKGROUND

26.   Plaintiffs admit that, in order to engage in commercial manufacture,

use or sale of its proposed pharmaceutical product, Watson must submit an ANDA

1

to the FDA.  Plaintiffs lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 of Watson's Counterclaims and, therefore, deny the allegations.

27.    Plaintiffs admit the allegations in paragraph 27 of Watson's Counterclaims.

28-32.    These paragraphs merely state legal conclusions to which no response is needed, however, to the extent these paragraphs contain allegations against Plaintiffs, Plaintiffs deny the allegations contained in these paragraphs.

33.    Plaintiffs admit that Unimed submitted for listing in the Orange Book for its 1 percent (1%) testosterone gel the '894 patent, which is directed to pharmaceutical compositions containing testosterone in gel formulations and methods of using these compositions to treat hypogonadism.  Plaintiffs deny the remaining allegations of paragraph 33 of Watson's Counterclaims.

34.    Plaintiffs admit that Watson sent Unimed and Besins the required notice letter advising them that Watson had submitted an ANDA containing a certification.  Plaintiffs lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 34 of Watson's Counterclaims and, therefore, deny the allegations.

35.    Plaintiffs admit that Watson's notice letter alleged that its proposed product would not infringe the '894 patent and provided a statement of its alleged factual and legal bases why.  Plaintiffs deny the remaining allegations in paragraph 35 of Watson's Counterclaims.

36.    Plaintiffs admit that Watson's notice letter contained statements and arguments as to why Watson believes that the '894 patent is invalid, *inter alia*, pursuant to 35 U.S.C. § 102(b) and 35 U.S.C. § 112.  Plaintiffs deny the remaining allegations in paragraph 36 of Watson's Counterclaims.

37.    Plaintiffs admit that Watson's notice letter contained statements and arguments as to why Watson believes that the '894 patent is unenforceable, *inter alia*, due to inequitable conduct or a breach of the duty of candor required by 37 C.F.R. § 1.56.  Plaintiffs deny the remaining allegations in paragraph 37 of Watson's Counterclaims.

38.    Plaintiffs admit the allegations of paragraph 38 of Watson's Counterclaims.

39.    Plaintiffs deny the allegations of paragraph 39 of Watson's Counterclaims.

40.    Plaintiffs admit that, before filing the First Amended Complaint, neither Unimed nor Besins requested a sample of Watson's proposed drug product

or a portion of Watson's ANDA 76-737. Plaintiffs deny the remaining allegations of paragraph 40 of Watson's Counterclaims.

41.    Plaintiffs admit that, before filing the First Amended Complaint, neither Unimed nor Besins obtained a sample of Watson's proposed drug product or a portion of Watson's ANDA 76-737.

42.    Plaintiffs admit that, before filing the First Amended Complaint, neither Unimed nor Besins tested a sample of Watson's proposed drug product. Plaintiffs deny the remaining allegations of paragraph 42 of Watson's Counterclaims.

43.    Plaintiffs admit that they filed the First Amended Complaint alleging patent infringement. Plaintiffs deny the remaining allegations of paragraph 43 of Watson's Counterclaims.

44.    Plaintiffs admit that the FDA imposed a 30-month statutory delay on the approval of Watson's ANDA upon Unimed and Besins' filing of the present lawsuit and that the FDA is prevented from approving Watson's ANDA until after the 30 months expire, unless the period is shortened by, *inter alia*, a court order. Plaintiffs deny the remaining allegations of paragraph 44 of Watson's Counterclaims.

45.  Plaintiffs deny the allegations of paragraph 45 of Watson's Counterclaims.

46.  Plaintiffs deny the allegations of paragraph 46 of Watson's Counterclaims.

47.  Plaintiffs deny the allegations of paragraph 47 of Watson's Counterclaims.

48.  Plaintiffs deny the allegations of paragraph 48 of Watson's Counterclaims.

49.  Plaintiffs deny the allegations of paragraph 49 of Watson's Counterclaims.

50.  Plaintiffs admit that at one point the Examiner rejected all pending claims of the application under 35 U.S.C. § 102(b). Plaintiffs deny the remaining allegations of paragraph 50 of Watson's Counterclaims.

51.  Plaintiffs admit that numerous persons submitted declarations concerning the specific events relating to experimental use. Plaintiffs deny the remaining allegations of paragraph 51 of Watson's Counterclaims.

52.  Plaintiffs deny the allegations of paragraph 52 of Watson's Counterclaims.

53-60. Although Plaintiffs need not respond to the allegations in paragraphs

53-60, Plaintiffs deny each and every allegation set forth in paragraphs 53-60.

<u>FIRST COUNTERCLAIM</u>

61.    Plaintiffs deny the allegations of paragraph 61 of Watson's

Counterclaims.

62.    Plaintiffs incorporate by reference their responses to the allegations

set forth in paragraphs 1 through 52 as if fully set forth herein.

63.    Plaintiffs admit the allegations of paragraph 63 of Watson's

Counterclaims.

64.    Plaintiffs admit that Unimed and Besins are the assignees of the '894

patent.

65.    Plaintiffs admit that Unimed and Besins have filed a complaint against

Watson for infringement of U.S. Patent No. 6,503,894.  Plaintiffs deny the

remaining allegations contained in paragraph 65 of Watson's Counterclaims.

66.    Plaintiffs admit the allegations of paragraph 66 of Watson's

Counterclaims.

67.    Plaintiffs deny the allegations of paragraph 67 of Watson's

Counterclaims.

## SECOND COUNTERCLAIM

68.    Plaintiffs deny the allegations of paragraph 68 of Watson's Counterclaims.

69.    Plaintiffs incorporate by reference its responses to the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

70.    Plaintiffs admit the allegations of paragraph 70 of Watson's Counterclaims.

71.    Plaintiffs admit that Unimed and Besins maintain that the '894 patent is valid and enforceable.  Plaintiffs deny the remaining allegations contained in paragraph 71 of Watson's Counterclaims.

72.    Plaintiffs admit that an actual controversy exists.  Plaintiffs deny the remaining allegations contained in paragraph 72 of Watson's Counterclaims.

73.    Plaintiffs deny the allegations of paragraph 73 of Watson's Counterclaims.

## PLAINTIFFS' AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

Each of Watson's Counterclaims, in whole or in part, fails to state a claim for which relief can be granted.

7

## SECOND AFFIRMATIVE DEFENSE

The '894 patent is valid and enforceable.

## THIRD AFFIRMATIVE DEFENSE

The filing of the ANDA was an act of infringement under Title 35 of the United States Code.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs had a good faith belief that the '894 patent was valid and enforceable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs had a good faith belief that Watson's certification pursuant to 21 U.S.C. §355(j)(II)(A)(vii)(IV) did not establish that the '894 patent was invalid and unenforceable.

## SIXTH AFFIRMATIVE DEFENSE

Watson has failed to plead fraud or inequitable conduct with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs reserve the right to move to dismiss or strike, or move for a more definite statement as a result of Watson's failure.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs actions in bringing this lawsuit are fully justified and done in good faith.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues triable of right by a jury.

## REQUEST FOR RELIEF

1.  Plaintiffs deny that Watson is entitled to any relief whatsoever.

2.  Plaintiffs respectfully request that the Court:

    (a)   dismiss Watson's counterclaims with prejudice;

    (b)   grant the relief requested by Plaintiffs in its Complaint; and

    (c)   award such other relief as the Court may find to be just.

Respectfully submitted,

By: _____

Jerry B. Blackstock
Georgia Bar No. 061000
Leslie B. Zacks
Georgia Bar No. 784110
HUNTON & WILLIAMS LLP
4100 Bank of America Plaza
600 Peachtree Street NE
Atlanta, Georgia 30308
404-888-4000 (telephone)
404-888-4190 (facsimile)

9

Of Counsel:

Walt Addison Linscott
Vice President, Law, Government and Public Affairs
Solvay Pharmaceuticals, Inc.
901 Sawyer Road
Marietta, GA  30062

James R. Ferguson
ARDC #0794600
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL  60603
312-782-0600 (telephone)
312-701-7711 (facsimile)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNIMED PHARMACEUTICALS, INC., a Delaware Corporation, and LABORATORIES BESINS ISCOVESCO, a Delaware Corporation | ) ) ) ) ) | |
|      Plaintiff, | ) ) | |
|      v. | ) ) | Case No.: 1:03-CV-2501 - TWT |
| WATSON PHARMACEUTICALS, INC., a Nevada corporation, | ) ) ) | **JURY TRIAL DEMAND** |
|      Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2003, a copy of the foregoing

ANSWER TO COUNTERCLAIMS was served upon:

> David A. Rabin, Esq.
> Morris, Manning & Martin, LLP
> 1600 Atlanta Financial Center
> 3343 Peachtree Road, N.E.
> Atlanta, Georgia 30326-1044
> Facsimile:   (404) 365-9532

Barry S. White, Esq.
Steven M. Amundson, Esq.
Daniel G. Brown, Esq.
John G. Taylor, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Facsimile:   (212) 588-0500

by facsimile and by having copies of same mailed via the U.S. Mail, properly

addressed and with postage prepaid.

By: _____

Leslie B. Zacks
Georgia Bar No. 784110
HUNTON & WILLIAMS LLP
4100 Bank of America Plaza
600 Peachtree Street NE
Atlanta, Georgia 30308
404-888-4000 (telephone)
404-888-4190 (facsimile)

12