**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 2 6 2003

LUTHER D. ... Clerk
By: J. Pinckney Deputy Clerk

|  |  |  |
|---|---|---|
| UNIMED PHARMACEUTICALS, INC., | ) | |
| a Delaware Corporation, and | ) | |
| LABORATORIES BESINS | ) | |
| ISCOVESCO, a Delaware Corporation | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | Case No.: 1:03-CV-2501-TWT |
|  | ) | |
| WATSON PHARMACEUTICALS, INC., | ) | |
| a Nevada corporation, | ) | |
|  | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2 of the Civil Local Rules of Practice for the

United States District Court for the Northern District of Georgia, the parties hereby

submit this Joint Preliminary Report and Discovery Plan.

1.      **Description of Case**

(a)      Describe briefly the nature of this action.

This is an action under the Drug Price Competition and Patent Term

Restoration Act of 1984, 21 U.S.C. § 355 and 21 U.S.C. § 271(d)-(h) ("Hatch-

Waxman Act"), for infringement of U.S. Patent No. 6,503,894 ("the '894 Patent").

Defendant contends that its proposed product does not and will not infringe the

'894 Patent and that the '894 Patent is invalid and unenforceable.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

The '894 Patent was issued to Plaintiffs on January 7, 2003. Plaintiffs contend that the claims of the '894 Patent cover the product AndroGel®, a 1% topical testosterone gel. Defendant has applied to the United States Food & Drug Administration ("FDA") pursuant to the Hatch-Waxman Act for permission to market a generic equivalent of AndroGel® prior to the expiration of the '894 Patent. In its application, Watson certified to FDA that its proposed product would not infringe the '894 Patent and that the '894 Patent is invalid and unenforceable (a so-called "paragraph IV certification"). Under the Hatch-Waxman Act, submission of such a certification is an artificial act of infringement that creates subject matter jurisdiction for a patent infringement action. Plaintiff alleges that Defendant has infringed the '894 Patent under 35 U.S.C. § 271(e)(2) and that Defendant's proposed product will infringe the '894 Patent. Defendant denies that its proposed product will infringe the '894 Patent and contends that one or more claims of the '894 Patent are invalid and/or unenforceable.

(c)    The legal issues to be tried are as follows:

(1)    Whether Defendant infringes the '894 Patent, either literally or under the doctrine of equivalents;

(2)    Whether Defendant's alleged infringement, if any, was willful;

(3)     Whether the '894 Patent is  invalid under 35 U.S.C. §§ 102, 103 or 112;

(4)     Whether the '894 Patent is unenforceable due to patent misuse and inequitable conduct;

(5)     Whether this case is exceptional under 35 U.S.C. § 285, thereby entitling Plaintiffs or Defendant to attorneys' fees; and

(6)     Whether Plaintiffs are entitled to injunctive relief prohibiting Defendant from allegedly infringing the '894 Patent.

(d)     The cases listed below (include both style and action number) are:

(1)     Pending Related Cases:

*Unimed Pharmaceuticals, Inc. and Laboratories Besins Iscovesco v. Paddock Laboratories, Inc.,* United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:03-CV-2503-TWT.

(2)     Previously Adjudicated Related Cases:

None.

2.     This case is complex because it possesses one (1) or more of the features listed below (please check):

_____   (1)   Unusually large number of parties

__X__   (2)   Unusually large number of claims or defenses

__X__   (3)   Factual issues are exceptionally complex

__X__   (4)   Greater than normal volume of evidence

__X__   (5)   Extended discovery period is needed

__X__   (6)   Problems locating or preserving evidence

_____   (7)   Pending parallel investigations or action by government

__X__   (8)   Multiple use of experts

__X__   (9)   Need for discovery outside United States boundaries

__X__  (10)  Existence of highly technical issues and proof

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

James R. Ferguson
Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois  60603

Defendant:

Barry S. White
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, New York  10151

**4.**    **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_\_\_Yes   \_\_X\_\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**    **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

None that are asserted at this time.  Defendant contends, however, that it does not have sufficient information to determine whether Solvay, Inc., which purchased Plaintiff Unimed Pharmaceuticals, Inc. in 1999, is a necessary party.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None are anticipated at this time.  Defendant, however, may seek to amend

its Counterclaims to add additional parties, including Solvay, Inc., based on information obtained during discovery.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.   **Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to tile later.  Local Rule 7.1A(2).

(a)     *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule *56.1.*

(c)     *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The parties agree that the following motions are not required to be filed within the first thirty (30) days after the beginning of discovery:

(1)     *Markman*-related motions; and

(2)     Motions in limine.

## 8.   **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties object to providing confidential business information prior to entry of a protective order under Rule 26(c). The parties will provide their Initial Disclosures on or before December 12, 2003.

9.    **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

### Plaintiffs

Plaintiffs do not request a scheduling conference with the Court. The parties did not deem such a conference to be necessary in the companion case of *Unimed Pharmaceuticals, Inc., et al. v. Paddock Laboratories, Inc.*, Case No. 1:03-CV-2503-TWT (N.D. Ga.) ("*Paddock*") which is also pending before this Court. For the reasons set forth in paragraph 10 below, Plaintiffs believe that the schedule agreed to by the parties in the companion *Paddock* case should apply here, so that the two cases are on the same track before this Court.

### Defendant

Defendant requests a scheduling conference with the Court to resolve the parties' disputes concerning the structure of the pretrial period and the number of depositions each side will be allowed to take. Defendant addresses Plaintiffs' arguments regarding the *Paddock* case as part of its response in paragraph 10 below.

## 10.   Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties anticipate that they will engage in wide-ranging discovery

relating to at least the following issues:

(1)     Infringement;

(2)     Willful Infringement;

(3)     Invalidity of the '894 Patent under 35 U.S.C. §§ 102, 103 and 112;

and

(4)     Unenforceability of the '894 Patent due to patent misuse and

inequitable conduct.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

### Plaintiffs:

Plaintiffs propose that the discovery schedule in this case should be the same

as the agreed discovery schedule in the companion *Paddock* case, which is also

pending in this Court and involves the same patent as this case. Last week, on November 21, 2003, the parties in Paddock filed a Joint Discovery Report and Discovery Plan in which the Plaintiffs and Defendant specifically agreed on the following schedule for the conduct of discovery and *Markman* claim construction:

| DATE | EVENT |
|---|---|
| December 12, 2003 | Initial disclosures served |
| December 12, 2003 | Start of fact discovery regarding infringement and validity |
| August 13, 2004 | End of fact discovery regarding infringement and validity |
| September 24, 2004 | Submission of expert reports by all parties regarding issues on which party bears burden of proof |
| October 15, 2004 | Submission of rebuttal expert reports |
| November 3, 2004 | Submission of reply expert reports |
| December 17, 2004 | End of expert discovery |
| January 4, 2005 | Parties confer regarding disputed claim terms |
| January 17, 2005 | Plaintiff submits opening brief regarding claim construction |
| February 11, 2005 | Defendant submits response brief on claim construction |
| February 25, 2005 | Plaintiff's reply regarding claim construction |
| March 4, 2005 | Joint submission regarding disputed terms (if any change from briefing) |
| TBD | *Markman* hearing |
| TBD | *Markman* Order ("MO") |
| MO + 20 days | Summary Judgment Motions Due |

Plaintiffs believe it would be a waste of judicial and party resources for this Court to implement two different discovery schedules for two companion cases that involve the same patent and are otherwise proceeding along parallel tracks before this Court. This is particularly true since the schedule proposed by Defendant – unlike the agreed schedule in *Paddock* – provides for expert discovery

to take place at the same time as (or even before) fact discovery.  This is rarely if

ever done in patent cases, where experts rely so heavily on the record developed

during fact discovery.  In addition (and again unlike the agreed schedule in

*Paddock*), Defendant's proposed schedule fails to specify a time for the *Markman*

briefing and hearing.

### Defendant:

Defendant agrees with Plaintiffs that additional time will be needed beyond

the eight-month discovery track, but disagrees with Plaintiffs' proposed structure

for the pretrial period in this case.  Defendant proposes the following twelve-month

discovery schedule:

| DATE | EVENT |
|---|---|
| December 12, 2003 | Start of discovery on all issues |
| December 12, 2003 | Initial disclosures served |
| October 17, 2004 | Exchange of expert reports regarding the issues on which each party bears the burden of proof[1] |
| November 17, 2004 | Exchange of rebuttal expert reports[1] |
| December 17, 2004 | Close of discovery on all issues[2] |

[1] Provided that the December 17, 2004 close of discovery remains intact, these dates may be extended or otherwise altered by agreement of the parties without leave of the Court.

[2] The parties may request *Markman* rulings and/or a *Markman* hearing during the pretrial period, if and when appropriate after identification of any disputed claim terms.

Defendant anticipates that twelve months will be needed for discovery

because of:  (1) the large number of issues and events spanning more than a decade

relating to the various theories of infringement, invalidity and unenforceability; (2) the voluminous documentary evidence that relates to those issues and events; (3) the large number of witnesses who have already been identified who will have information necessary and relevant to those issues and events; (4) the fact that much of the relevant documentary evidence and many of the witnesses are located in France; and (5) the parties' likely use of multiple experts.

While Defendant agrees with Plaintiffs' proposal of twelve months to complete discovery, it disagrees with Plaintiffs' plan to cut off fact discovery after only eight months and to dedicate four months to expert discovery. As discussed in the preceding paragraph, Defendant anticipates that fact discovery will be extensive and time-consuming in this case and will require more than eight months. Defendant also believes that four months for expert discovery is excessive as the parties can —as is typical—work with experts and begin preparing expert reports as fact discovery proceeds.

In addition, Watson's proposed schedule provides the parties and the Court with flexibility regarding the appropriate timing and manner of resolution of any claim-construction issues that may arise. In *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384 (1996), the Federal Circuit did not endorse or even suggest that district courts make claim-construction rulings at any particular point in patent cases. It said,

instead, "This [claim construction] ordinarily can be accomplished by the court in framing its charge to the jury, but may also be done in the context of dispositive motions such as those seeking judgment as a matter of law." *Markman*, 52 F.3d at 981.

Watson's proposed schedule leaves open that possibility that the parties may identify disputed claim language and seek to resolve claim-construction issues at a point earlier than the discovery cutoff date or at some other point, depending on how fact and expert discovery unfolds. By contrast, Plaintiffs' proposed schedule appears to constrain the resolution of claim-construction issues to a particular time regardless whether that time makes sense as the parties develop their respective cases.

Finally, Plaintiffs' position that the schedule proposed in the *Paddock* case should be adopted here lacks merit. Plaintiffs chose to file two separate infringement actions (albeit on the same day): one against Watson and another against Paddock. As competitors in the market for testosterone gel products, Watson and Paddock have different interests. Moreover, Watson's proposed product differs from Paddock's proposed product. Watson's defenses and counterclaims differ from Paddock's. Consequently, Watson and Paddock have different discovery needs. Whatever the parties in the *Paddock* case agreed to, the

Defendant here—Watson—never consented to it and, indeed, was never included in those discussions.

Instead, Watson's proposal—which provides the same twelve-month discovery period but allows greater flexibility for all parties—should be entered in this case and, if the Court deems it appropriate, in the *Paddock* case. Plaintiffs' staged proposal invites delay and unnecessary involvement by this Court.

**11.  Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

Plaintiff

Plaintiffs propose no changes to Fed. R. Civ. P. 30(a)(2)(A) and (d)(2). This conforms with the agreement reached by the parties in the companion *Paddock* case. As noted earlier, Plaintiffs believe it would be a waste of judicial and party resources for this Court to adopt two different sets of discovery limitations in companion cases that involve the same patent and are otherwise proceeding along parallel tracks before this Court.

Defendant

Plaintiffs and Defendant propose setting the discovery period at twelve months instead of eight months.

In addition, for the reasons set forth in paragraph 10 above, Defendant

13

proposes the following changes to the Fed. R. Civ. P. 30(a)(2)(A) and (d)(2)

limitations on the number and duration of depositions per side (i.e. ten depositions

of seven hours each):

      a) 140 total deposition-hours for fact witnesses; and

      b) seven deposition-hours per expert witness.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule
26(c) or under Rule 16(b) and (c)?

The parties anticipate that the entry of a protective order will be necessary in

this case.

## 13.    Settlement Potential:

(a)    Lead counsel for the parties certify by their signatures below that they
conducted a Rule 26(f) conference that was held on <u>November 12, 2003</u> and that
they participated in settlement discussions. Other persons who participated in the
settlement discussions are listed according to party.

For plaintiff:      Lead counsel (signature): _____

                    James R. Ferguson
                    Mayer, Brown, Rowe & Maw LLP
                    190 South La Salle Street
                    Chicago, Illinois  60603

          Other participants: Jerry B. Blackstock
                    Hunton & Williams LLP
                    Bank of America Plaza
                    Suite 4100
                    600 Peachtree Street, N.E.
                    Atlanta, Georgia  30308

Leslie B. Zacks
Hunton & Williams LLP
Bank of America Plaza
Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308

For defendant:    Lead counsel (signature): _~Barry S. White norca_

Barry S. White
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, New York  10151

Other participants:   Daniel G. Brown
Steven M Amundson
John G. Taylor
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, New York  10151

David A. Rabin
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia  30326-1044

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c)  Counsel (__) do or (_X_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is 14 days after the close of discovery.

(d)   The following specific problems have created a hindrance to settlement of this case.

None.

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (____)   do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____ , of 20____.

(b)   The parties (_X_) do not consent to having this case tried before a magistrate
judge of this court.

Counsel for Plaintiffs

Jerry B. Blackstock
Georgia Bar No. 061000
Leslie B. Zacks
Georgia Bar No. 784110
HUNTON & WILLIAMS LLP
Bank of America Plaza
Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Telephone:  (404) 888-4000
Facsimile:   (404) 888-4190

Counsel for Defendant

David A. Rabin
Georgia Bar No. 591469
MORRIS, MANNING &
    MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia  30326-1044
Telephone:  (404) 233-7000
Facsimile:   (404) 365-9532

Of Counsel:

James R. Ferguson
MAYER, BROWN, ROWE
  &amp; MAW LLP
190 South La Salle Street
Chicago, Illinois  60603
Telephone:   (312) 782-0600
Facsimile:   (312) 701-7711


*Counsel for Plaintiffs*
*Unimed Pharmaceuticals, Inc.*
*and Laboratories Besins*
*Iscovesco*

Of Counsel:

Barry S. White
Steven M. Amundson
John G. Taylor
FROMMER LAWRENCE &amp;
  HAUG LLP
745 Fifth Avenue
New York, New York  10151
Telephone:   (212) 588-0800
Facsimile:   (212) 588-0500


*Counsel for Defendant*
*Watson Pharmaceuticals, Inc.*

**************

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this ____day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

23656.000031 ATLANTA 459835v1