IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

NOV 3 2004

LUTHER D. THOMAS, Clerk
By: /s/ [signature]
Deputy Clerk

| | |
|---|---|
| UNIMED PHARMACEUTICALS, INC., a Delaware corporation, and LABORATORIES BESINS ISCOVESCO, a Delaware corporation, Plaintiffs, vs. WATSON PHARMACEUTICALS, INC., a Nevada corporation, Defendant. | CIVIL ACTION FILE NO. 1:03-CV-2501-TWT |
| UNIMED PHARMACEUTICALS, INC., a Delaware corporation, and LABORATORIES BESINS ISCOVESCO, a Delaware corporation, Plaintiffs, vs. PADDOCK LABORATORIES, INC. a Minnesota corporation, Defendant. | CIVIL ACTION FILE NO. 1:03-CV-2503-TWT |

## ORDER

This matter comes before the Court on Plaintiffs' October 14, 2004 Letter Motion to Compel defendant Watson Pharmaceuticals, Inc. ("Watson") to produce three categories of documents: (1) legible and color copies of charts in

laboratory notebooks; (2) documents relating to Watson's development of its Androderm® product; and (3) Watson's studies of penetration enhancers other than isopropyl myristate.

During a telephone hearing on October 21, 2004, Plaintiffs' counsel advised the Court that Plaintiffs were withdrawing their Motion to Compel with respect to the first category of documents because Watson has produced more legible copies of the charts. Plaintiffs' counsel further advised the Court that any remaining issues concerning the legibility of these documents could be worked out among counsel. Accordingly, the parties are ordered to meet and confer, as necessary, concerning these documents.

With respect to the second and third categories of documents, the Court, having considered all parties' correspondence, exhibits thereto and argument of counsel, hereby denies Plaintiffs' Motion to Compel for the reasons that follow.

The Court finds that the second and third categories of documents sought by Plaintiffs are internal Watson documents that do not, as argued by Plaintiffs, constitute prior art. Watson's patents relating to Androderm® and its studies of penetration enhancers are prior art and the Court has been advised that Watson has produced the prosecution histories for these patents.

Some documents relating to Androderm® could be evidence of secondary considerations of nonobviousness. The Court understands, however, that

...

Watson has produced the documents of this type that are relevant or likely to lead to the discovery of relevant information.

With respect to Plaintiffs' argument that the requested documents may be relevant to show the unpredictability of the science at issue in these cases, the Court finds that the relevance of the documents for this purpose, if any, is marginal and is far outweighed by the enormous burden and expense to Watson that would be involved in their production.

IT IS SO ORDERED, this 3 day of November, 2004.

THOMAS W. THRASH, JR.
United States District Judge

Prepared and Presented By:

David A. Rabin
Georgia Bar No. 591469
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone: 404-233-7000
Facsimile: 404-365-9532