## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

UNIMED PHARMACEUTICALS, INC., a
Delaware Corporation, and
LABORATORIES
BESINS ISCOVESCO, a Delaware
Corporation,

                    Plaintiffs,

   v.

WATSON PHARMACEUTICALS, INC.,
a Nevada Corporation,

                    Defendant.

**Civil Action No.
File No. 1:03-CV-2501-TWT**

**WATSON'S MOTION TO ISSUE
LETTER OF REQUEST FOR
INTERNATIONAL JUDICIAL
ASSISTANCE**

      Defendant Watson Pharmaceuticals, Inc. ("Watson") respectfully moves the Court to issue the attached Letter of Request for international judicial assistance in France to take discovery in this case, pursuant to Fed. R. Civ. P. 28(b).

      Watson has learned, through discovery obtained from plaintiffs to date, that the following French Nationals, all of whom are employed or were formerly employed by the French parent company of plaintiff Laboratories Besins

Iscovesco ("Besins"), have information relevant to this litigation.  Olivier Palatchi is a named inventor of the patent-in-suit and apparently still employed by Besins.  Daniel L'Haridon is a former employee of Besins who was originally named as an inventor on the patent-in-suit but subsequently removed by counsel for plaintiffs.  Dominique Salin-Drouin is a former employee of Besins who, though not a named inventor, has been identified by plaintiffs as having contributed to the conception of the alleged invention claimed in the patent-in-suit.  Benoit Agnus, a former employee of Besins, and Valerie Masini-Eteve, who apparently still is employed by Besins, appear to have collaborated with Dr. Salin-Drouin on the work involved in the patent-in-suit.

Plaintiffs advised Watson that Palatchi, L'Haridon, Salin-Drouin, Agnus, and Masini-Eteve are French nationals residing in France.  Plaintiffs have further advised that their counsel, Mayer, Brown, Row & Maw LLP, will represent these French nationals for purposes of this litigation.  Recently, Mayer, Brown advised Watson's counsel that they (Mayer, Brown) do not know when they will be in a position to confirm that any of these French nationals will voluntarily appear for a deposition under the Federal Rules of Civil Procedure, as opposed to forcing Watson to go through the cumbersome procedures of the Hague Convention.  Because the Hague procedures can often take months, Watson is filing this

Motion to issue letters of request (00235632)_1.DOC

motion now.   However, Watson remains of the view that plaintiffs should arrange to have their former French employees, who are already represented by plaintiffs' counsel, appear voluntarily for deposition rather than causing defendants to incur the unnecessary expense and likely delay of having to follow the Hague procedures.

In the event plaintiffs refuse or are unable to have their former employees appear voluntarily, Watson understands that these abovementioned individuals cannot be compelled to provide evidence, in the absence of compliance with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.   Watson and plaintiffs have conferred in compliance with L. Civ. R. 37.1(A)(1) and Fed. R. Civ. P. 37(a)(2)(A).   Watson understands that plaintiffs do not oppose Watson's motion to issue letters of request for international judicial assistance.

Accordingly, Watson requests that this Court issue the attached Letter of Request, and that the executed Letter be returned to counsel for Watson for delivery to the proper French authority.   Upon receipt of the executed Letter of Request, counsel for Watson will have it translated into French and will have the French version of the Letter of Request delivered to the French authority with the English version as a courtesy.

Motion to issue letters of request (00235632)_1.DOC

Respectfully submitted,

MORRIS, MANNING & MARTIN, LLP
Attorneys for Defendant
Watson Pharmaceuticals, Inc.

Dated: December 2, 2004        By:    _____/s/_____
                                         David A. Rabin
                                         Georgia Bar No. 591469

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Fax: (404) 365-9532

<u>Of Counsel:</u>

Barry S. White, Esq.
Steven M. Amundson, Esq.
John G. Taylor, Esq.
Joyce W. Luk, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNIMED PHARMACEUTICALS, INC., a Delaware Corporation, and LABORATORIES BESINS ISCOVESCO, a Delaware Corporation,<br><br>                    Plaintiffs,<br><br>    v.<br><br>WATSON PHARMACEUTICALS, INC., a Nevada Corporation,<br><br>                    Defendant. | **Civil Action No.**<br>**File No. 1:03-CV-2501-TWT**<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**<br><br>**RE:  DEPOSITION OF RESIDENTS OF FRANCE** |

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Watson Pharmaceuticals, Inc. ("Watson"), located at 311 Bonnie Circle, Corona, California 92880, U.S.A.

The United States District Court for the Northern District of Georgia presents its compliments to the judicial authorities of France and requests international judicial assistance to obtain evidence to be used at trial in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice.   The assistance requested is for the appropriate judicial authority of France to cause the appearance of the below-named individuals to give evidence pertinent to the defendant's defenses in this matter.

1.     **Sender:**

United States District Court for the Northern District of Georgia, Atlanta Division, 2188 Richard B. Russell Federal Building, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia  30303-3309.

2.     **Central Authority of the Requested State:**

Bureau de l'Entraide Judiciaire Internationale, Direction des Affaires Civiles et du Sceau, Ministère de la Justice, 13, place Vendôme, 75042, Paris Cedex 01, France.

3.     **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

The executed request should be returned to the Sender as expeditiously as possible.

**4.     Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

The requesting judicial authority is the United States District Court for the Northern District of Georgia, Atlanta Division, by the Honorable Thomas W. Thrash, Jr. of that Court.

**5.     Competent Authority of the Requested State, The Republic of France (Article 3(a)):**

Bureau du Droit International et de l'Entraide Judiciaire Internationale, Ministère de la Justice, 13 place Vendôme, 75042 Paris cedex 01, France.

**6.     Names and addresses of the parties and their representatives (Article 3(b)):**

(a)     Plaintiffs in this case are Unimed Pharmaceuticals, Inc., 901 Sawyer Road, Marietta, Georgia 30062 and Laboratories Besins Iscovesco, 607 Herndon Parkway, Suite 210, Herdon, Virginia 20170.

(b)     Plaintiffs Unimed Pharmaceuticals, Inc. and Laboratories Besins are represented by Jerry Blackstock of the firm Hunton & Williams LLP, 4100 Bank of America Plaza, 600 Peachtree Street NE, Atlanta, Georgia 30308 and by James R. Ferguson, Mayer, Brown, Rowe & Maw LLP, 190 South La Salle Street, Chicago, Illinois 60603.

(c)     Defendant Watson Pharmaceuticals, Inc., 311 Bonnie Circle, Corona, California 92880 is represented by David A. Rabin of the firm

Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, Atlanta, Georgia 300326; by Barry S. White, Steven M. Amundson and John G. Taylor of the firm Frommer Lawrence & Haug LLP, 745 Fifth Avenue, New York, New York 10151; and by Thomas Rouhette of the firm Lovells, 6 avenue Kleber, 75116 Paris, France.

**7.    Nature and purpose of the proceedings and summary of the facts (Article 3(c)):**

This is a patent infringement action brought by Unimed Pharmaceuticals, Inc. ("Unimed") and Laboratories Besins Iscovesco ("Besins") against defendant Watson.  Unimed is the exclusive licensee in the United States of the patent-in-suit, which is directed to a testosterone gel product.  The patent-in-suit was issued to Unimed and Besins on assignment from Messrs. Dudley, Kottayil and Palatchi, the named inventors, who were employed by Unimed and Besins, respectively, at the time of the alleged invention.  Unimed markets the involved testosterone gel product under the trade name AndroGel®.

Watson filed Abbreviated New Drug Application ("ANDA") No. 76-737 to obtain the FDA's approval to engage in the commercial manufacture and sale of a generic testosterone gel product.  Plaintiffs have brought this action contending

that the commercial sale of Watson's proposed product as described in Watson's ANDA No. 76-737 would infringe one or more claims of the patent-in-suit.

Watson contends that its proposed product will not infringe any valid claims of the patent-in-suit or, alternatively, that the claims of the patent are invalid under one or more of the provisions of the United States Code, 35 U.S.C. § 101 et seq.

**8.    Judicial action to be taken and documents or other property to be inspected (Article 3(g)).**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order to each of the following individuals requiring them to appear for a deposition in this case.  The party affiliation and counsel for each such witness, if known, is also given:

| Witness | Affiliation | Represented by counsel |
|---|---|---|
| Benoit Agnus<br>75, rue Jean Savu<br>94500 Champigny<br>France<br><br>Dominique Salin-Drouin<br>32, rue des Gâtines<br>91370 Verrieres Le Buisson<br>France<br><br>Daniel L'Haridon<br>6, impasse de la longue Mare<br>91520 Egly<br>France | Former employees of plaintiff Besins' French parent company | Mayer Brown Rowe & Maw LLP<br>190 South La Salle Street<br>Chicago, Ill.  60603 |
| Olivier Palatchi<br>8, Villa Pierre Loti<br>92240 L'Haye les Roses<br>France<br><br>Valerie Masini-Eteve<br>18, rue des Grands Chênes<br>91370 Verrieres le Buisson<br>France | Employees of plaintiff Besins' French parent company | Mayer Brown Rowe & Maw LLP |

The above individuals appear to have information relevant to this case.

This Court requests that the deposition of each of the above individuals be

scheduled to take place at one of the courtrooms at the Ministry of Justice, or at such other place as the French Court may direct.

This Court requests that the French Court set dates and times for each of the above depositions as soon as practicable in January or, at the latest, within the first two weeks of February 2005, and that they be scheduled together in coordinated fashion so as to allow counsel traveling from the United States to attend all of the depositions in a single trip if possible.

**9.      Subject Matter and Relevance of this Request**

Watson has learned, through discovery obtained from plaintiffs to date, that the following French Nationals, all of whom are employed or were formerly employed by the French parent company of plaintiff Besins, have information relevant to this litigation. Olivier Palatchi is a named inventor of the patent-in-suit and apparently still employed by Besins.  Daniel L'Haridon is a former employee of Besins who was originally named as an inventor on the patent-in-suit but subsequently removed by counsel for plaintiffs.  Dominique Salin-Drouin is a former employee of Besins who, though not a named inventor, has been identified by plaintiffs as having contributed to the conception of the alleged invention claimed in the patent-in-suit.  Benoit Agnus, a former employee of Besins, and Valerie Masini-Eteve, who apparently still is an

employee of Besins, appear to have collaborated with Dr. Salin-Drouin on the work involved in the patent-in-suit.  Information related to the development of the alleged invention is important to Watson's defenses and as evidence for submission at trial

In view of the foregoing, we therefore request, in the interest of justice, that the Responding Authority issue an order, in accordance with the laws and procedures of the courts of France for the acquisition of evidence for trial, and summon *Benoit Agnus, Dominique Salin-Drouin, Valerie Masini-Eteve, Daniel L'Haridon, and Olivier Palatchi* to appear and give testimony in the aforementioned matter in the form of an oral deposition.

**10.    Requirement that the examination be under oath:**

This Court requests, pursuant to Article 3 of the Hague Convention, that the testimony given pursuant to this letter of request be given under oath.

**11.    Methods and procedures to be followed:**

The conduct of the depositions will be under the supervision of the French judge and subject to the control of the French prosecutor, and should be conducted with due regard for French practice and procedure, the authority of the French court, and the witnesses' language preference.  This Court understands that the procedures to be followed will be determined in the

exercise of discretion of the French Court.  Within those limitations, however, this Court makes the following requests pursuant to Article 9 of the Hague Convention for additional procedures to be followed:

(a)    Counsel for defendant Watson has informed this Court that France's New Code of Civil Procedure ("NCCP") permits a French judge to authorize that questioning of the witness at a deposition taken under the Hague Convention may be conducted by the parties, counsel for whom may ask questions in the nature of direct, cross and redirect examination.  It is this Court's understanding that such procedures may be requested by the Requesting Authority in the Letter of Request.[1]

This Court believes that the most effective way to obtain the witnesses' testimony in a form that will be useful to the Court would be to follow that procedure.  Counsel for the parties are familiar with the documents and the issues and it would be very advantageous to allow them to conduct the questioning directly rather than to have the questioning be done by the French

---

[1] In particular, counsel for defendant Watson has brought to the Court's attention Articles 739 and 740 of the NCCP and an interpretive discussion of Article 740 by a French official, supporting the view that cross examination by the parties' counsel is permitted.  (Response, question no. 22463, J.O. déb. Sénat, Questions, 8 August 1985, p. 1509).

judge or other official of the French government.  This Court requests that such a procedure be followed.

(b)    Sometimes during depositions counsel raise objections to the admissibility in court of certain testimony or the manner in which questions are asked or answers are given.  The usual practice in depositions in this country is that such objections are "reserved", which means that they are noted for the record but not resolved at the deposition.  They are resolved by the trial court when the testimony is presented to the court.  This Court requests that this procedure be followed in connection with these depositions to the extent objections are raised based on issues of United States law.

(c)    This Court requests that a full stenographic record (verbatim transcript) be taken of the proceedings, which will be arranged by and paid for by defendant Watson as the party taking the deposition.  This Court further requests that a full videographic record be taken of the proceedings.

(d)    It is fully acceptable to this Court that all questions be asked in French, or asked in English by counsel and translated into French, and that the witnesses hear and respond to all questions in French, unless the witness is comfortable responding in English.  There should also be continuous translation of the responses into English, so that United States counsel may follow the

proceedings and so that a full record of the deposition in English will exist which may be understood by this Court.  This Court requests the French Court to allow defendant Watson to arrange for such simultaneous translation of the proceedings.

(e)     After the written transcript of each deposition is prepared the witness should have the opportunity to review it and to make any corrections required, stating the reasons therefore in an errata sheet to be affixed to the original transcript of the deposition.  The witness should be required to sign an acknowledgment of the accuracy of the transcript (as corrected) before a notary or comparable official, and the transcript so executed should be returned to the judicial officer appointed to conduct the proceedings, who should then forward it to the Sender.

(f)     If the Responding Authority denies the procedure requested in paragraphs 11(a) – (e) above, and instead orders that the questioning of the witnesses be done by the French judge or other official of the French government, then this Court respectfully requests the Responding Authority to notify this

Court and defendant Watson, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6(c) above, as soon as possible of the denial and to allow defendant Watson to submit specific written questions to be asked by the French judge or other official of the French government.

**12.     Request for Notification of Examination:**

This Court respectfully requests, pursuant to Article 7 of the Hague Convention, that it be informed in writing of the time when, and the place where, the proceedings will take place, and that such information should also be sent to the parties' representatives at the addresses listed in paragraphs 6(b) and 6(c) above.

**13.     Reciprocity**

The courts of the United States are authorized by statute (see section 1782 of title 28 of the United States Code) to extend similar assistance to the courts of France and will gladly reciprocate the courtesies shown by the courts of France.

**14.     Responsibility for Reimbursable Fees and Costs**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 of the Convention will be borne by defendant Watson in the first instance.  Statements for the amounts due should be sent to defendant

Watson, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6(c) above.  Further, the United States District Court for the Northern District of Georgia, Atlanta Division, is prepared to reimburse the Responding Authority for all costs incurred in executing this letter of request.  The United States District Court for the Northern District of Georgia, Atlanta Division, extends to the judicial authorities of France the assurance of its highest consideration.

WITNESS, the Honorable Thomas W. Thrash, Jr., Judge of the United States District Court for the Northern District of Georgia, Atlanta Division _____ day of December, 2004.

_____
Thomas W. Thrash, Jr.
United States District Judge

[seal of court]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| UNIMED PHARMACEUTICALS, INC., | ) | |
| a Delaware corporation, and | ) | |
| LABORATORIES BESINS | ) | |
| ISCOVESCO, a Delaware corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:03-CV-2501-TWT |
| | ) | |
| WATSON PHARMACEUTICALS, INC., | ) | |
| a Nevada corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of

the within and foregoing "WATSON'S MOTION TO ISSUE LETTER OF

REQUEST FOR INTERNATIONAL JUDICIAL ASISTANCE" upon:

> By First Class Mail
>
> Jerry B. Blackstock
> Leslie B. Zacks
> HUNTON & WILLIAMS LLP
> 4100 Bank of America Plaza
> 600 Peachtree Street NE
> Atlanta, Georgia 30308

By Facsimile and First Class Mail

James R. Ferguson
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL 60603

This 2nd day of December, 2004.

_____/s/_____
David A. Rabin
Georgia Bar No. 591469

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000