**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNIMED PHARMACEUTICALS, INC.,** ) | | |
| **a Delaware corporation, and** ) | | |
| **LABORATORIES BESINS** ) | | |
| **ISCOVESCO, a Delaware corporation,** ) | | |
| ) | | |
| **Plaintiffs,** ) | **CIVIL ACTION FILE** | |
| ) | | |
| **v.** ) | **NO. 1:03-CV-2501-TWT** | |
| ) | | |
| **WATSON PHARMACEUTICALS, INC.,** ) | | |
| **a Nevada corporation,** ) | | |
| ) | | |
| **Defendant.** ) | | |

**WATSON'S OBJECTIONS TO UNIMED PHARMACEUTICALS, INC.'S
AND LABORATORIES BESINS ISCOVESCO'S
<u>NOTICE OF DEPOSITION UNDER RULE 30(b)(6)</u>**

Defendant Watson Pharmaceuticals, Inc. ("Watson") hereby responds and

objects to the Rule 30(b)(6) deposition notice served by plaintiffs Unimed

Pharmaceuticals, Inc. ("Unimed") and Laboratories Besins Iscovesco ("Besins").

<u>**GENERAL OBJECTIONS**</u>

Each of these objections is applicable to each of the categories set forth in

Plaintiffs' Notice of 30(b)(6) Deposition of Watson and is incorporated into each

and every one of Watson's objections as though fully set forth therein, and is in

addition to any specific objections stated in response to a particular category.

1.      Watson objects to the instructions and definitions to the extent they purpose to impose discovery obligations that are inconsistent with, not found in, or exceed the requirements of (a) the Federal Rules of Civil Procedure, (b) the Local Rules of the United States District Court for the Southern District of New York, or (c) any court order or directive.

2.      Watson objects to producing witnesses for depositions that, after commencing, will "continue from day to day thereafter until completed."  The Court has limited depositions in this case to one day of ten hours.

3.      Watson objects to the definition of "Watson" as over broad, improper, and incorrect.  Unimed's and Besins' definition renders any deposition topic reference "Watson" over broad, oppressive, and excessively burdensome.

4.      Watson objects to any topic or matter for testimony to the extent that it seeks information that is protected by any form of recognized privilege, including but not limited to the attorney-client and work-product privileges. Nothing in these objections is intended to be, or in any way shall be deemed, a waiver of an applicable privilege or immunity.

5.      Watson objects to any topic or matter for testimony to the extent that it seeks information that is not relevant to any claim, defense, or counterclaim

in the underlying action and that is not reasonably calculated to lead to the discovery of admissible evidence.

6.     Watson objects to any topic or matter for testimony to the extent that it seeks information that does not exist, is not known to Watson, is not reasonably available to Watson, is not within the custody or control of Watson, or is known by or available from a third party.

7.     Watson objects to any topic or matter for testimony to the extent that it seeks information that is already known or available to Unimed and Besins or within the custody or control of Unimed and Besins.

8.     Watson objects to each topic or matter for testimony to the extent it seeks discovery that is duplicative of other discovery taken in this case, or calls for discovery that would be more easily obtained through other less burdensome means.

9.     Watson objects to each topic or matter for testimony to the extent it requires testimony about "any" or "all" documents or items of information, or any similar unrestricted request, on the ground that it is cumulative, vague, and unduly burdensome.

10.     Watson objects to each topic or matter for testimony to the extent it calls for a witness to testify as to a legal conclusion.

11.     Watson objects to each topic or matter for testimony to the extent it

that it seeks to obtain expert testimony from a layperson or fact witness.

## OBJECTIONS TO DEPOSITION TOPICS

### Deposition Topic No. 1.

The preparation and filing of Watson's ANDA, and any related
amendments, supplements, or other filings, or the subject matter thereof, including
any communications with any United States agency, including but not limited to
the FDA.

**RESPONSE:** Watson objects to this topic as vague, ambiguous, indefinite,

overbroad and unduly burdensome.  Watson further objects to this area of

testimony to the extent it calls for testimony protected by the attorney-client

privilege, work-product immunity, or any other privilege or immunity.  Watson

objects to this area of testimony to the extent that it is duplicative of documents

produced by Watson, seeks information that is duplicative of Unimed's and

Besins' interrogatories, and/or can easily be acquired from the public domain or

through other less burdensome means.

### Deposition Topic No. 2.

All communications between Watson and the FDA relating to or concerning
Watson's ANDA.

**RESPONSE:** Watson objects to this topic as overbroad and unduly burdensome.

Watson further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity.  Watson objects to this area of testimony to the extent that it is duplicative of documents produced by Watson, seeks information that is duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired from the public domain or through other less burdensome means.

**Deposition Topic No. 3.**

Watson's plans for additional submissions to the FDA relating to or concerning Watson's ANDA.

**RESPONSE:**  Watson objects to this topic as overbroad, unduly burdensome, and calling for speculation.  Watson further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity.  Watson objects to this area of testimony to the extent that it is duplicative of documents produced by Watson, seeks information that is duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired from the public domain or through other less burdensome means.

**Deposition Topic No. 4.**

The conception, creation, development, preparation, analysis and testing by Watson of any of its formulations or compositions containing testosterone intended for transdermal administration.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite, overbroad, and unduly burdensome.  Watson specifically objects to the phrase "any of its formulations or compositions containing testosterone" as vague, ambiguous, and unclear.  Watson additionally objects to this topic because it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Watson also specifically objects to the word "conception" because it calls for a legal conclusion.  Watson further objects to this area of testimony to the extent that it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity.  Watson objects to this area of testimony to the extent that it is duplicative of documents produced by Watson, other testimony already provided, and/or seeks information that is duplicative of Unimed's and Besins' interrogatories and/or can easily be acquired from the public domain or through other less burdensome means.

**Deposition Topic No. 5.**

Any study, review, examination, testing, analysis, investigation, research or measurement of Androgel® conducted by Watson.

**RESPONSE:**  Watson objects to this topic as overbroad and unduly burdensome.  Watson further objects to this area of testimony to the extent that it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity.  Watson objects to this area of testimony to the

extent that it is duplicative of documents produced by Watson, other testimony

already provided, and/or seeks information that is duplicative of Unimed's and

Besins' interrogatories and/or can easily be acquired from the public domain or

through other less burdensome means.

**Deposition Topic No. 6.**

Watson's efforts to identify and quantify the constituent components of Androgel® and efforts thereafter by Watson to avoid, design around or copy the composition of Androgel® as determined by Watson.

**RESPONSE:** Watson objects to this topic as overbroad and unduly burdensome.

Watson further objects to this area of testimony to the extent that it calls for

testimony protected by the attorney-client privilege, work-product immunity, or

any other privilege or immunity.  Watson objects to this area of testimony to the

extent that it is duplicative of documents produced by Watson, other testimony

already provided, and/or seeks information that is duplicative of Unimed's and

Besins' interrogatories and/or can easily be acquired from the public domain or

through other less burdensome means.

**Deposition Topic No. 7.**

Any attempt by Watson, whether implemented or not, to design around or to copy any of the testosterone gel formulations or compositions disclosed in the '894 patent.

#1246110 v1 - Objections to 30(b)(6) Depo No

**RESPONSE:**  Watson objects to this topic as overbroad and unduly burdensome.

Watson further objects to this area of testimony to the extent that it calls for

testimony protected by the attorney-client privilege, work-product immunity, or

any other privilege or immunity.  Watson objects to this area of testimony to the

extent that it is duplicative of documents produced by Watson, other testimony

already provided, and/or seeks information that is duplicative of Unimed's and

Besins' interrogatories and/or can easily be acquired from the public domain or

through other less burdensome means.

**Deposition Topic No. 8.**

     Watson's efforts to develop a transdermal testosterone formulation or
composition which did not include at least one of the following as a constituent
component:
          a.    ethanol;
          b.    isopropanol;
          c.    isopropyl myristate;
          d.    sodium hydroxide; or
          e.    a polyacrylic acid.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite,

overbroad, and unduly burdensome.  Watson additionally objects to this topic

because it calls for information that is irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence.  Watson further objects to this area of

testimony to the extent that it calls for testimony protected by the attorney-client

privilege, work-product immunity, or any other privilege or immunity.  Watson

objects to this area of testimony to the extent that it is duplicative of documents

produced by Watson, other testimony already provided, and/or seeks information

that is duplicative of Unimed's and Besins' interrogatories and/or can easily be

acquired from the public domain or through other less burdensome means.

**Deposition Topic No. 9.**

The alternatives, and the reasons for their non-use, to each of the following
compounds known to, studied, or considered by Watson for possible inclusion in
Watson's proposed testosterone gel product:
a.    ethanol;
b.    isopropyl myristate;
c.    Carbomer 940, NF; or
d.    sodium hydroxide.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite,

overbroad, and unduly burdensome.  Watson additionally objects to this topic

because it calls for information that is irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence.  Watson additionally objects to this

area of testimony to the extent that it calls for testimony protected by the attorney-

client privilege, work-product immunity, or any other privilege or immunity.

Watson objects to this area of testimony to the extent that it is duplicative of

documents produced by Watson, other testimony already provided, and/or seeks

information that is duplicative of Unimed's and Besins' interrogatories and/or can

easily be acquired from the public domain or through other less burdensome

means.

## Deposition Topic No. 10.

The decision by Watson to use or not use the following compounds as a constituent component in any transdermal testosterone formulation or composition:
- a. ethanol;
- b. isopropanol;
- c. isopropyl myristate;
- d. sodium hydroxide; or
- e. a polyacrylic acid.

**RESPONSE:** Watson objects to this topic as vague, ambiguous, indefinite,

overbroad, and unduly burdensome.  Watson additionally objects to this topic

because it calls for information that is irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence.  Watson further objects to this area of

testimony to the extent that it calls for testimony protected by the attorney-client

privilege, work-product immunity, or any other privilege or immunity.  Watson

objects to this area of testimony to the extent that it is duplicative of documents

produced by Watson, other testimony already provided, and/or seeks information

that is duplicative of Unimed's and Besins' interrogatories and/or can easily be

acquired from the public domain or through other less burdensome means.

## Deposition Topic No. 11.

The compositional differences, and the significance of those differences, between Androgel® and Watson's proposed testosterone gel product.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite, overbroad, and unduly burdensome.  Watson further objects to this area of testimony to the extent that it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity.  Watson objects to this area of testimony to the extent that it is duplicative of documents produced by Watson, other testimony already provided, and/or seeks information that is duplicative of Unimed's and Besins' interrogatories and/or can easily be acquired from the public domain or through other less burdensome means.

Watson also objects to this area of testimony to the extent it seeks legal positions and/or contentions.  Contention interrogatories "are a more appropriate method of discovery for this purpose."  See, e.g., SmithKline Beecham Corp. v. Apotex Corp., No. 99-CV-4304, 2004 WL 739959, at *3-4 (E.D. Pa. Mar. 23, 2004); Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co., No. 90 Civ. 7811 (KC), 1993 WL 34678, at *3 (S.D.N.Y. Feb. 4, 1993).

**Deposition Topic No. 12.**

Sales projections, market studies, market analyses, projected or actual market share analysis, sales information or any other information gathered or prepared by Watson which relates to the relevant market in which Watson's proposed testosterone gel product will compete.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite, overbroad, and unduly burdensome.  Watson specifically objects to the phrase "relevant market" as vague, ambiguous and unclear.  Watson additionally objects to this topic because it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Watson further objects to this area of testimony to the extent that it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity.  Watson objects to this area of testimony to the extent that it is duplicative of documents produced by Watson, other testimony already provided, and/or seeks information that is duplicative of Unimed's and Besins' interrogatories and/or can easily be acquired from the public domain or through other less burdensome means.

## Deposition Topic No. 13.

Sales projections, market studies, market analyses, projected or actual market share analysis, sales information or any other information gathered or prepared by Watson which relates to the relevant market in which any of Watson's testosterone patch product(s) compete.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite, overbroad, and unduly burdensome.  Watson specifically objects to the phrase "relevant market" as vague, ambiguous and unclear.  Watson additionally objects to this topic because it calls for information that is irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence.  Watson further objects

to this area of testimony to the extent that it calls for testimony protected by the

attorney-client privilege, work-product immunity, or any other privilege or

immunity.  Watson objects to this area of testimony to the extent that it is

duplicative of documents produced by Watson, other testimony already provided,

and/or seeks information that is duplicative of Unimed's and Besins'

interrogatories and/or can easily be acquired from the public domain or through

other less burdensome means.

## Deposition Topic No. 14.

The conception, preparation, testing, analysis and evaluation of testosterone gel formulations or compositions by or on behalf of Watson, including, but not limited to the gel formulations set forth on any laboratory notebook pages, including those pages bearing Bates numbers W021462-68, W021472-97 and W33424 to W33883.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite,

overbroad, and unduly burdensome.  Watson specifically objects to the phrase "any

of its formulations or compositions containing testosterone" as vague, ambiguous,

and unclear.  Watson additionally objects to this topic because it calls for

information that is irrelevant, not reasonably calculated to lead to the discovery of

admissible evidence.  Watson also specifically objects to the word "conception"

because it calls for a legal conclusion.  Watson further objects to this area of

testimony to the extent that it calls for testimony protected by the attorney-client

privilege, work-product immunity, or any other privilege or immunity.  Watson

objects to this area of testimony to the extent that it is duplicative of documents

produced by Watson, other testimony already provided, and/or seeks information

that is duplicative of Unimed's and Besins' interrogatories and/or can easily be

acquired from the public domain or through other less burdensome means.

**Deposition Topic No. 15.**

The conception, preparation, testing, analysis and evaluation of any
testosterone gel formulations or compositions by or on behalf of Watson, including
the formulations set forth in the Watson documents bearing Bates numbers
W018585-92 and W021364-69.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite,

overbroad, and unduly burdensome.  Watson specifically objects to the phrase "any

of its formulations or compositions containing testosterone" as vague, ambiguous,

and unclear.  Watson additionally objects to this topic because it calls for

information that is irrelevant, not reasonably calculated to lead to the discovery of

admissible evidence.  Watson also specifically objects to the word "conception"

because it calls for a legal conclusion.  Watson further objects to this area of

testimony to the extent that it calls for testimony protected by the attorney-client

privilege, work-product immunity, or any other privilege or immunity.  Watson

objects to this area of testimony to the extent that it is duplicative of documents

produced by Watson, other testimony already provided, and/or seeks information that is duplicative of Unimed's and Besins' interrogatories and/or can easily be acquired from the public domain or through other less burdensome means.

## Deposition Topic No. 16.

The decision by Watson not to pursue further development of any testosterone gel formulations including the formulations set forth in the Watson documents bearing Bates numbers W018585-92, W021364-69, W021462-68, W021472-97 and W033424 to W033883.

**RESPONSE:** Watson objects to this topic as overbroad and unduly burdensome. Watson further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Watson objects to this area of testimony to the extent that it is duplicative of documents produced by Watson, seeks information that is duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired from the public domain or through other less burdensome means.

## Deposition Topic No. 17.

The investigation undertaken by Watson before serving its certification letter against the '894 patent.

**RESPONSE:** Watson objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Watson objects to this area of testimony to the

extent that it is duplicative of documents produced by Watson, seeks information

that is duplicative of Unimed's and Besins' interrogatories, and/or can easily be

acquired from the public domain or through other less burdensome means.  Watson

further objects to this area of testimony that requests information about the

exploratory efforts of Watson's counsel in investigating the issues in this lawsuit

and preparing this case for trial.  See Mass. v. First Nat'l Supermarkets, Inc., 112

F.R.D. 149, 153 (D. Mass. 1986); Besly-Welles Corp. v. Balax, Inc., 43 F.R.D.

368, 370-71 (E.D. Wis. 1968).  Such information would tend to reveal counsel's

mental impressions, conclusions, opinions, or legal theories.  Consequently, such

information is beyond the ambit of discovery.  See Fed. R. Civ. P. 26(b)(3).

## Deposition Topic No. 18.

The investigation undertaken by Watson before filing in this action its
"Defenses And Counterclaims" contained in its "Answer To First Amended
Complaint And Counterclaims" including any analysis of either Androgel®, the
validity of the '894 patent or the enforceability of the '894 patent.

**RESPONSE:** Watson objects to this area of testimony to the extent it calls for

testimony protected by the attorney-client privilege, work-product immunity, or

any other privilege or immunity.  Watson objects to this area of testimony to the

extent that it is duplicative of documents produced by Watson, seeks information

that is duplicative of Unimed's and Besins' interrogatories, and/or can easily be

acquired from the public domain or through other less burdensome means.  Watson

further objects to this area of testimony that requests information about the

exploratory efforts of Watson's counsel in investigating the issues in this lawsuit

and preparing this case for trial.  See Mass. v. First Nat'l Supermarkets, Inc., 112

F.R.D. 149, 153 (D. Mass. 1986); Besly-Welles Corp. v. Balax, Inc., 43 F.R.D.

368, 370-71 (E.D. Wis. 1968).  Such information would tend to reveal counsel's

mental impressions, conclusions, opinions, or legal theories.  Consequently, such

information is beyond the ambit of discovery.  See Fed. R. Civ. P. 26(b)(3).

## Deposition Topic No. 19.

The factual basis for the statements made in paragraphs 28, 53-60, 67 and 73
and paragraph (f) of the "Requested Relief" located in Watson's "Answer to First
Amended Complaint And Counterclaims" filed in this action.

**RESPONSE:**  Watson objects to this topic as overbroad and unduly burdensome.

Watson further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work-product immunity, or any other

privilege or immunity.  Watson objects to this area of testimony to the extent that it

is duplicative of documents produced by Watson, seeks information that is

duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired

from the public domain or through other less burdensome means.  Watson

additionally objects to this area of testimony to the extent it seeks legal positions

and/or contentions.  Contention interrogatories "are a more appropriate method of

discovery for this purpose." <u>See</u> <u>e.g.</u>, <u>Smithkline Beecham Corp. v. Apotex Corp.</u>, No. 99-CV-4304, 2004 WL 739959, at *3-4 (E.D. Pa. Mar. 23, 2004); <u>Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.</u>, No. 90 Civ. 7811 (KC), 1993 WL 34678, at *3 (S.D.N.Y. Feb. 4, 1993).

## Deposition Topic No. 20.

Any communications between Watson and Paddock regarding this action, the Paddock action or the distribution, sale, marketing, development, formulation or compositions or any testosterone containing product intended for transdermal administration.

**RESPONSE:** Watson objects to this topic as overbroad and unduly burdensome. Watson specifically objects to the phrase "any testosterone containing product" as being vague, ambiguous, and unclear. Watson additionally objects to this topic because it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Watson further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Watson objects to this area of testimony to the extent that it is duplicative of documents produced by Watson, seeks information that is duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired from the public domain or through other less burdensome means.

**Deposition Topic No. 21.**

Any communications between Watson and Par regarding this action, the Paddock action or the distribution, sale, marketing, development, formulation, or compositions of any testosterone containing product intended for transdermal administration.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite,

overbroad and unduly burdensome.  Watson specifically objects to the phrase "any

testosterone containing product" as being vague, ambiguous, and unclear.  Watson

additionally objects to this topic because it calls for information that is irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.

Watson further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work-product immunity, or any other

privilege or immunity.  Watson objects to this area of testimony to the extent that it

is duplicative of documents produced by Watson, seeks information that is

duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired

from the public domain or through other less burdensome means.

**Deposition Topic No. 22.**

Any communications between Watson and TheraTech, Inc. regarding this action, the Paddock action or the distribution, sale, marketing, development, formulation or compositions of any testosterone containing product intended for transdermal administration.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, indefinite,

overbroad and unduly burdensome.  Watson specifically objects to the phrase "any

testosterone containing product" as being vague, ambiguous, and unclear.  Watson

additionally objects to this topic because it calls for information that is irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.

Watson further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work-product immunity, or any other

privilege or immunity.  Watson objects to this area of testimony to the extent that it

is duplicative of documents produced by Watson, seeks information that is

duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired

from the public domain or through other less burdensome means.

## Deposition Topic No. 23.

Any clinical trials, analysis or studies conducted by, or on behalf of, Watson
relating to any transdermal testosterone product, including any safety, efficacy or
bioequivalence studies or trials undertaken by Watson to prepare or supplement its
ANDA.

**RESPONSE:**  Watson objects to this topic as vague, ambiguous, and unclear.

Watson additionally objects to this topic because it calls for information that is

irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.  Watson further objects to this area of testimony to the extent it calls for

testimony protected by the attorney-client privilege, work-product immunity, or

any other privilege or immunity.  Watson objects to this area of testimony to the

extent that it is duplicative of documents produced by Watson, seeks information

that is duplicative of Unimed's and Besins' interrogatories, and/or can easily be

acquired from the public domain or through other less burdensome means.

**Deposition Topic No. 24.**

Any clinical trials, analysis or studies conducted by, or on behalf of Watson,
relating to Androderm, or any improvements of Androderm, including any studies
of skin irritation produced by Androderm.

**RESPONSE:**  Watson objects to this topic as overbroad and unduly burdensome.

Watson additionally objects to this topic as calling for information that is irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.

Watson further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work-product immunity, or any other

privilege or immunity.  Watson objects to this area of testimony to the extent that it

is duplicative of documents produced by Watson, seeks information that is

duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired

from the public domain or through other less burdensome means.

**Deposition Topic No. 25.**

Identification of persons with knowledge of any of the topics presented in
this Fed. R. Civ. P. 30(b)(6) deposition notice.

**RESPONSE:**  Watson objects to this topic as overbroad and unduly burdensome.

Watson further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work-product immunity, or any other

privilege or immunity.  Watson objects to this area of testimony to the extent that it

is duplicative of documents produced by Watson, seeks information that is

duplicative of Unimed's and Besins' interrogatories, and/or can easily be acquired

from the public domain or through other less burdensome means.

**Deposition Topic No. 26.**

The authenticity of the documents and things produced by Watson in
response to Plaintiff's First Set of Requests for Production of Documents.

**RESPONSE:**  Watson objects to this topic as overbroad and unduly burdensome.

Watson further objects to this area of testimony to the extent that it is duplicative

of documents produced by Watson, seeks information that is duplicative of

Unimed's and Besins' interrogatories, and/or can easily be acquired from the

public domain or through other less burdensome means.

**Deposition Topic No. 27.**

Whether the documents and things produced by Watson in response to
Plaintiff's First Set of Requests for Production of Documents constitute records of
regularly conducted activity, as that term is used in Fed. R. Evid. 803(6).

**RESPONSE:**  Watson objects to this topic as overbroad and unduly burdensome.

Watson further objects to this area of testimony to the extent that it is duplicative

of documents produced by Watson, seeks information that is duplicative of

Unimed's and Besins' interrogatories, and/or can easily be acquired from the

public domain or through other less burdensome means.

Respectfully submitted,

MORRIS, MANNING & MARTIN, LLP

Attorneys for Defendant
Watson Pharmaceuticals, Inc.

Dated: February 23, 2005            By:    /s/ Marguerite E. Patrick
                                           David A. Rabin, Esq.
                                           Georgia Bar No. 591469
                                           Marguerite E. Patrick, Esq.
                                           Georgia Bar No. 566187

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Fax: (404) 365-9532

Of Counsel:
Barry S. White, Esq.
Steven M. Amundson, Esq.
John G. Taylor, Esq.
Joyce W. Luk, Esq.
Jennifer Chung, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

#1246110 v1 - Objections to 30(b)(6) Depo No

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNIMED PHARMACEUTICALS, INC.,** ) | | |
| **a Delaware corporation, and** ) | | |
| **LABORATORIES BESINS** ) | | |
| **ISCOVESCO, a Delaware corporation,** ) | | |
| ) | | |
| **Plaintiffs,** ) | **CIVIL ACTION FILE** | |
| ) | | |
| **v.** ) | **NO. 1:03-CV-2501-TWT** | |
| ) | | |
| **WATSON PHARMACEUTICALS, INC.,** ) | | |
| **a Nevada corporation,** ) | | |
| ) | | |
| **Defendant.** ) | | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the

within and foregoing "WATSON'S OBJECTIONS TO UNIMED

PHARMACEUTICAL, INC.'S AND LABORATORIES BESINS ISCOVESCO'S

NOTICE OF DEPOSITION UNDER RULE 30(b)(6)" upon:

By Facsimile and First Class Mail

Jerry B. Blackstock
HUNTON & WILLIAMS LLP
4100 Bank of America Plaza
600 Peachtree Street NE
Atlanta, Georgia 30308

#1246110 v1 - Objections to 30(b)(6) Depo No

James R. Ferguson
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL 60603


This 23rd day of February, 2005.

/s/ Maguerite E. Patrick
Marguerite E. Patrick, Esq.
Georgia Bar No. 566187

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000

#1246110 v1 - Objections to 30(b)(6) Depo No