IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNIMED PHARMACEUTICALS, INC., a Delaware corporation, and LABORATORIES BESINS ISCOVESCO, a Delaware corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:03-cv-2501-TWT |
| WATSON PHARMACEUTICALS, INC., a Nevada corporation, | ) ) ) | |
| Defendant. | ) ) | |

**WATSON'S MOTION TO STRIKE SECTION VI
OF PLAINTIFFS' MEMORANDUM ON CLAIM CONSTRUCTION
OR IN THE ALTERNATIVE, TO DEFER RULING ON SAME**

COMES NOW Watson Pharmaceuticals, Inc., Defendant in the above-styled

action, and hereby moves this Court to strike Section VI of Plaintiffs'

Memorandum on Claim Construction, dated July 25, 2005, or in the alternative, to

defer ruling on the issues raised therein until the parties have filed motions for

partial summary judgment on the issues.  The grounds for this motion are set forth

in the accompanying Memorandum.

Respectfully submitted,

MORRIS, MANNING & MARTIN, LLP
Attorneys for Defendant
Watson Pharmaceuticals, Inc.

Dated: August 12, 2005

/s David A. Rabin
David A. Rabin
Georgia Bar No. 591469

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Fax: (404) 365-9532

Of Counsel:

Barry S. White, Esq.
Steven M. Amundson, Esq.
John G. Taylor, Esq.
Joyce W. Luk, Esq.
Jennifer Chung, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

#1304986 v1 - Motion to Strike

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNIMED PHARMACEUTICALS, INC.,   )
a Delaware corporation, and   )
LABORATORIES BESINS   )
ISCOVESCO, a Delaware corporation,   )
   )
      Plaintiffs,   )     CIVIL ACTION FILE
   )
      v.   )     NO. 1:03-cv-2501-TWT
   )
WATSON PHARMACEUTICALS, INC.,   )
a Nevada corporation,   )
   )
      Defendant.   )

**MEMORANDUM IN SUPPORT OF WATSON'S MOTION
TO STRIKE SECTION VI OF PLAINTIFFS'
MEMORANDUM ON CLAIM-CONSTRUCTION OR IN THE
ALTERNATIVE, TO DEFER RULING ON SAME**

On July 25, 2005, Watson and Unimed filed principal briefs on claim construction. As discussed in detail in Watson's claim-construction reply brief, which was filed today, the principal briefs were filed pursuant to an agreed upon procedure and schedule for resolving claim construction issues that was subsequently ordered by the Court. (8/12/05 Watson Reply Br. at 2-4) Prior to filing their principal briefs, the parties had exchanged lists of the terms and phrases that they believed needed construction. The construction of those disputed terms

and phrases was the topic at hand, and that is the topic Watson addressed in its principal brief.

In its own principal brief on claim construction, however, Unimed addressed only a few of the terms and phrases at issue and then went significantly beyond the issue of claim construction to address other issues unrelated to claim construction. In particular, Section VI of Unimed's brief is devoted to arguing that the Patent Office correctly issued a certificate of correction to Unimed's patent.  (7/25/05 Unimed Br. at 19-25)  For the reasons that follow, Watson submits that the Court should not consider that argument at this time, that it should be stricken, and that this issue should instead be addressed in the proper manner, by way of motions for partial summary judgment.

The validity of a certificate of correction is not an appropriate issue for claim construction, as is demonstrated by Unimed's argument on that point.  The issue addressed in Section VI of Unimed's brief is not directed toward the proper construction of a particular term or phrase.   Instead, it is directed toward determining whether the certificate of correction is valid in the first place.  Indeed, Unimed never explains how the certificate's validity has anything to do with claim-construction.  It simply states that the certificate's validity is a "major issue"

(7/25/05 Unimed Br. at 19), but never says why it is arguing the issue as part of claim construction.

In effect, Section VI of Unimed's claim-construction brief is a disguised motion for partial summary judgment. It does not fulfill the procedural requirements for such a motion. Fed. R. Civ. P. 7(b) states that an application to the court for an order shall be by motion. Unimed has not filed one. And Local Rule 56.1(B) requires a party moving for summary judgment to include a "separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." That rule also sets forth procedures that apply to the respondent on a summary judgment motion, all of which are designed to aid the Court in resolving the motion. Unimed has filed neither a motion nor a statement of material facts, but instead is requesting summary judgment-type relief under the guise of claim construction.

While Watson agrees that the Court should resolve the issue of the certificate of correction's validity soon, Watson submits that it is not appropriate to do so as part of claim construction, which is a completely separate inquiry, and that the Court should instead do so upon the filing of one or more proper motions for partial summary judgment addressed to that issue. Watson intends to file such a motion no later than September 9, 2005. Utilizing such a procedure will enable the

#1304978 v1 - Memo in Sup of Mtn to Strike

Court to consider the issue in its proper context (*i.e.*, not the context of claim construction), and afford both parties the rights and opportunities to be heard that they ordinarily would have.

Accordingly, Watson respectfully requests that this Court strike Section VI of Plaintiffs' Memorandum on Claim Construction, or, in the alternative, defer ruling on the validity of the certificate of correction until after one or more parties has filed a motion for partial summary judgment on that issue.

Respectfully submitted,

MORRIS, MANNING & MARTIN, LLP
Attorneys for Defendant
Watson Pharmaceuticals, Inc.

Dated:  August 12, 2005

/s David A. Rabin
David A. Rabin
Georgia Bar No. 591469

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Fax: (404) 365-9532

4

<u>Of Counsel:</u>

Barry S. White, Esq.
Steven M. Amundson, Esq.
John G. Taylor, Esq.
Joyce W. Luk, Esq.
Jennifer Chung, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York  10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

#1304978 v1 - Memo in Sup of Mtn to Strike

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Rule 7.1D of the Local Civil Rules of the United States District Court for the Northern District of Georgia, that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1C.

/s  David A. Rabin
_____
David A. Rabin

#1304978 v1 - Memo in Sup of Mtn to Strike

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNIMED PHARMACEUTICALS, INC., )
a Delaware corporation, and )
LABORATORIES BESINS )
ISCOVESCO, a Delaware corporation, )
                           )
        Plaintiffs, )        CIVIL ACTION FILE
                           )
        v. )        NO. 1:03-cv-2501-TWT
                           )
WATSON PHARMACEUTICALS, INC., )
a Nevada corporation, )
                           )
        Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2005, a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the Northern District of Georgia, with notice of same being electronically served by the Court, addressed to:

Jerry B. Blackstock, Esq.
Hunton & Williams, LLP
4100 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

James R. Ferguson, Esq.
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606

/s David A. Rabin

David A. Rabin
Georgia Bar No. 591469

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000

#1304978 v1 - Memo in Sup of Mtn to Strike